UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| ELISABETH LLOYD, | ) |
| Plaintiff, | ) ) ) |
| vs. | ) ) CASE NO. 1:17-cv-04461-TWP-MJD |
| INDIANA UNIVERSITY, | ) ) ) |
| Defendant. | ) |

**DEFENDANT'S ANSWER TO COMPLAINT FOR DAMAGES AND REQUEST FOR JURY TRIAL AND AFFIRMATIVE DEFENSES**

Defendant The Trustees of Indiana University[1] (the "Defendant"), submits its response to the Complaint for Damages and Request for Jury Trial filed by plaintiff Elisabeth Lloyd ("Plaintiff"). For ease of reference, Plaintiff's allegations are set forth verbatim with Defendant's responses following each allegation.

**ANSWER**

**PARTIES, JURISDICTION, AND VENUE**

1. Plaintiff, Elisabeth Lloyd (hereinafter "Dr. Lloyd"), is a resident of Monroe County in the State of Indiana and employee of Defendant.

**Response:** Defendant admits that Plaintiff is employed by Defendant, but lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in paragraph 1 of the Complaint, and therefore denies the same.

2. Defendant, Indiana University, is an employer as defined by 42 U.S.C. § 2000e(b) and 42 U.S.C. §12101, *et sec.* which conducts business in the State of Indiana.

---

[1] Pursuant to Indiana Code § 21-27-4-2, The Trustees of Indiana University is the proper name of the defendant.

**Response:**   Paragraph 2 of the Complaint contains legal conclusions to which no answer is required.  To the extent an answer is required, Defendant admits the allegations contained in paragraph 2 of the Complaint.

3.   Dr. Lloyd filed a Charges of Discrimination (Charge 470-2017-02636) with the Equal Employment Opportunity Commission ("EEOC") on or about August 11, 2017 alleging, *inter alia,* that Defendant violated Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e, *et seq.* and the Americans with Disabilities Act, 29 U.S.C. §12101, et. seq.

**Response:**   Paragraph 3 of the Complaint contains legal conclusions to which no answer is required.  To the extent an answer is required, Defendant admits that Plaintiff filed a Charge of Discrimination with the EEOC on or about August 10, 2017, but denies the remaining allegations contained in paragraph 3 of the Complaint.

4.   The Equal Employment Opportunity Commission issued to Dr. Lloyd a 90-day Right to Sue letter on September 11, 2017.

**Response:**   Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 4 of the Complaint, and therefore denies the same.

5.   Dr. Lloyd invokes this Court's federal question jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1343(a).

**Response:**   Paragraph 5 of the Complaint contains legal conclusions to which no answer is required.  To the extent an answer is required, Defendant admits that jurisdiction is conferred on this Court by 28 U.S.C. §§ 1331 and 1343(a).

6.   Venue in this Court is proper pursuant to 28 U.S.C. § 1391.

**Response:** Paragraph 6 of the Complaint contains legal conclusions to which no answer is required. To the extent an answer is required, Defendant admits that venue is proper in this Court pursuant to 28 U.S.C. § 1391.

### GENERAL FACTS & SPECIFIC ALLEGATIONS

7. Plaintiff, a female, is employed by the Defendant as a Professor of History and Philosophy of Science and Medicine.

**Response:** Defendant admits the allegations contained in paragraph 7 of the Complaint.

8. Plaintiff, suffers from a disability, namely degenerative back disease, which Defendant was aware of.

**Response:** Defendant lacks knowledge or information sufficient to form a belief as to the truth of Plaintiff's allegation that she suffers from a disability, and therefore denies the same. Defendant denies the remaining allegations contained in paragraph 8 of the Complaint.

9. On or about April 28, 2017, Defendant refused to renew Plaintiffs research funds attached to her Tanis Chair, by permanently depriving her access to her research funds.

**Response:** Defendant admits that, on April 28, 2017, Defendant informed Plaintiff that her appointment as the Tanis Chair would not be renewed. Defendant denies the remaining allegations contained in paragraph 9 of the Complaint.

### Count I
### Title VII

10. Plaintiff incorporates by reference Paragraphs one (1) through nine (9) above.

**Response:** Defendant incorporates its responses to the allegations contained in paragraphs 1 through 9 of the Complaint.

11. Defendant discriminated against Dr. Lloyd on the basis of her sex when it refused to renew her research funds attached to the Tanis Chair.

**Response**: Defendant denies the allegations contained in paragraph 11 of the Complaint.

12. Dr. Lloyd's sex was the motivating factor in Defendant's decision to terminate her research funds attached to the Tanis Chair.

**Response**: Defendant denies the allegations contained in paragraph 12 of the Complaint.

13. Male professors outside Dr. Lloyd's protected class were treated more favorably under the circumstances.

**Response**: Defendant denies the allegations contained in paragraph 13 of the Complaint.

14. These actions violated Dr. Lloyd's rights and were in violation of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e *et seq*.

**Response**: Defendant denies the allegations contained in paragraph 14 of the Complaint.

15. As a result of the foregoing, Dr. Lloyd has sustained damages including, but not limited to, lost wages and benefits, emotional suffering, anguish, embarrassment and humiliation.

**Response**: Defendant denies the allegations contained in paragraph 15 of the Complaint.

16. As a result of Defendant's actions, Dr. Lloyd has incurred attorney fees and costs.

**Response**: Defendant denies the allegations contained in paragraph 16 of the Complaint.

17.     Defendant's actions were done with malice or willful reckless disregard to Dr. Lloyd's rights.

**Response**:    Defendant denies the allegations contained in paragraph 17 of the Complaint.

WHEREFORE, Plaintiff prays for judgment against Defendant, an award of damages sufficient to compensate Plaintiff for her injuries, including lost pay and benefits, compensatory damages, and for an award of Plaintiff's attorney fees and costs incurred herein, and for all other appropriate relief.

**Response**:    Defendant admits that Plaintiff is seeking relief, but denies that Plaintiff is entitled to such relief.

### Count II
### ADA

18.     Plaintiff incorporates by reference paragraphs one (1) through seventeen (17) above.

**Response**:    Defendant incorporates its responses to the allegations contained in paragraphs 1 through 17 of the Complaint.

19.     Plaintiff suffers from a disability, degenerative back disease, but at all times was able to perform the essential functions of her job.

**Response**:    Defendant lacks knowledge or information sufficient to form a belief as to the truth of Plaintiff's allegation that she suffers from a disability, and therefore denies the same. Defendant denies the remaining allegations contained in paragraph 19 of the Complaint.

20.     Defendant's decision to terminate Plaintiff's research funds attached to the Tanis Chair was motivated by her disability.

**Response:**   Defendant denies the allegations contained in paragraph 20 of the Complaint.

21.   Similarly situated professors outside of Plaintiff's protected class were treated more favorably than Plaintiff.

**Response:**   Defendant denies the allegations contained in paragraph 21 of the Complaint.

22.   Defendant willfully violated the Americans with Disabilities Act when it failed to renew Plaintiffs research funds attached to the Tanis Chair.

**Response:**   Defendant denies the allegations contained in paragraph 22 of the Complaint.

23.   As a result of the foregoing, Plaintiff sustained damages including, but not limited to, lost wages, back pay, front pay, benefits, compensatory damages, costs and attorney fees.

**Response:**   Defendant denies the allegations contained in paragraph 23 of the Complaint.

WHEREFORE, Plaintiff prays for judgment against Defendant, for an award of unpaid wages, back pay, compensatory damages, punitive damages, prejudgment interest, reasonable attorney fees, costs and all other appropriate relief.

**Response:**   Defendant admits that Plaintiff is seeking relief, but denies that Plaintiff is entitled to such relief.

## REQUEST FOR JURY TRIAL

Plaintiff, by counsel, respectfully requests this cause be tried by jury.

**Response:**   Defendant admits that Plaintiff seeks a jury trial.

## **AFFIRMATIVE DEFENSES**

Defendant asserts the following affirmative defenses:

1.      Plaintiff fails to state a claim against Defendant, in whole or in part, upon which relief can be granted.

2.      Any acts or omissions of Defendant were not a proximate cause of Plaintiff's injuries.

3.      Subject to reasonable opportunity for investigation and discovery, Plaintiff's claims, in whole or in part, are limited or barred by Plaintiff's failure to mitigate her damages.

4.      Subject to reasonable opportunity for investigation and discovery, Plaintiff's claims, in whole or in part, are limited or barred by the doctrines of estoppel, waiver, laches, and/or unclean hands.

5.      Subject to reasonable opportunity for investigation and discovery, some or all of Plaintiff's claims are time-barred.

6.      Subject to reasonable opportunity for investigation and discovery, Plaintiff's claims are limited by the doctrine of after-acquired evidence.

7.      Plaintiff is barred from pursuing her claims to the extent she failed to exhaust her administrative remedies.

8.      Plaintiff's claims are barred, in whole or in part, because Defendant exercised reasonable care to prevent and correct promptly any allegedly discriminatory behavior, and Plaintiff unreasonably failed to take advantage of any preventive or corrective opportunities provided by Defendant or to otherwise avoid harm.

9.      Plaintiff unreasonably failed to engage in the interactive process with Defendant.

10. All actions taken by Defendant in connection with Plaintiff's employment were job-related and consistent with business necessity.

11. Defendant's employment standards, criteria, and policies were uniformly applied to Plaintiff and they were job-related, consistent with business necessity, and could not be met by a person with Plaintiff's alleged disability even with a reasonable accommodation.

12. Subject to reasonable opportunity for investigation and discovery, Plaintiff does not have a disability under the law.

13. Subject to reasonable opportunity for investigation and discovery, Plaintiff is not "a qualified individual with a disability" under the law.

14. Subject to reasonable opportunity for investigation and discovery, Plaintiff failed to reasonably notify Defendant of the claims described in her Complaint.

15. Even if an improper motive played any role in the challenged conduct, Defendant would have taken the same actions without regard to the improper or impermissible motive.

16. Defendant at all times exercised good faith in its employment practices.

17. Defendant did not terminate or otherwise subject Plaintiff to any adverse employment action.

18. Plaintiff's claims and damages are limited or barred by the U.S. Constitution, Indiana Constitution, and federal and state statute.

19. Plaintiff's claims are barred by the Eleventh Amendment.

20. Plaintiff has no right to damages because Defendant would have made the same decisions or taken the same actions absent any allegedly unlawful motivation.

21. To the extent Plaintiff is pursuing a claim for punitive damages, that claim is barred or otherwise limited because Defendant cannot be held vicariously liable for any

employment decisions of its management employees that are contrary to Defendant's good faith efforts to comply with applicable federal employment law.

22. To the extent Plaintiff is pursuing a claim for punitive damages, that claim is barred or otherwise limited by the U.S. Constitution, federal statute, the Indiana Constitution, the Indiana Tort Reform Act, and/or Defendant's good faith efforts to comply with equal employment opportunity laws.

23. Defendant reserves the right to supplement or amend its affirmative defenses.

WHEREFORE, Defendant requests that judgment be entered in its favor and against Plaintiff, plus costs of this action and all other just and proper relief.

Respectfully submitted,

*/s/Melissa A. Macchia*
Michael C. Terrell, Atty. No. 2124-49
Melissa A. Macchia, Atty. No. 29920-49
TAFT STETTINIUS & HOLLISTER LLP
One Indiana Square, Suite 3500
Indianapolis, IN 46204-2023
(317) 713-3500 – phone
(317) 713-3699 – fax
mterrell@taftlaw.com
mmacchia@taftlaw.com

*Counsel for Defendant*
*The Trustees of Indiana University*

## CERTIFICATE OF SERVICE

I hereby certify that on January 30, 2018, a copy of the foregoing was filed electronically. Service of this filing will be made on all ECF-registered counsel by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

*/s/Melissa A. Macchia*